# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRUD ROSSMANN, ) ) ) **Plaintiff,** ) vs. ) ) ) JAMIE DIMON, et al. ) ) ) **Defendant.** ) ) | Case No. 2:17-cv-02570-JAR-GLR |

## MEMORANDUM AND ORDER

Plaintiff Brud Rossmann filed this matter *pro se* on September 29, 2017. In his meandering, indecipherable, and often offensive Complaint, Plaintiff appears to allege various types of harm done to him by Jewish individuals. The Complaint names as defendants Jamie Dimon, the President and Chief Executive Officer of JPMorgan Chase, and three John Does. The Complaint further names as defendants "the 'Jews' more generally." For the reasons discussed below, the Court dismisses Plaintiff's case without prejudice for lack of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## I. Legal Standard

Federal courts are courts of limited jurisdiction and must therefore have a statutory or constitutional basis for exercising jurisdiction.[1] The party seeking to invoke federal subject matter jurisdiction has the burden to establish that jurisdiction is proper,[2] and mere conclusory

---

[1] *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

[2] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

allegations of jurisdiction are not enough.[3] Pursuant to the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[4] If a court determines that it lacks subject matter jurisdiction, it must dismiss the case regardless of the stage of the proceedings.[5] Federal courts have a duty to raise lack of subject matter jurisdiction *sua sponte* when the parties do not raise it themselves.[6]

Because Plaintiff appears *pro se*, the Court must construe his pleadings liberally.[7] But the Court cannot thereby assume the role of advocate,[8] nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[9]

## II. Discussion

Plaintiff has failed to sufficiently allege federal subject matter jurisdiction in his Complaint, and the Court must therefore dismiss his case. This Court may have subject matter jurisdiction in two primary ways: diversity jurisdiction[10] or federal question jurisdiction.[11] Neither appears to exist based on the facts alleged.

---

[3] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[4] Fed. R. Civ. P. 12(h)(3).

[5] *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

[6] *Id.*

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id.*

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[10] 28 U.S.C. § 1332.

[11] 28 U.S.C. § 1331.

Diversity jurisdiction exists when the amount-in-controversy requirement is met and the parties are completely diverse.[12] Plaintiff has not sufficiently pleaded diversity of citizenship in this case. Although Plaintiff asserts diversity jurisdiction on the basis that he has "establizzed [sic] a residence" and has "property interests" in this jurisdiction,[13] a party is only a citizen for diversity purposes in the state where he is domiciled,[14] and an individual can have only one domicile.[15] Plaintiff does not allege that he is domiciled in Kansas and, in fact, attaches a curriculum vitae to his Complaint listing a Washington, D.C. address.[16] Therefore, the Court cannot determine where Plaintiff is actually domiciled. Plaintiff has likewise provided no information in his Complaint as to where Defendant Dimon is domiciled. Further, setting aside the myriad other problems with Plaintiff's attempt to sue all Jewish people, naming all Jewish individuals as defendants would almost certainly defeat diversity jurisdiction in every federal district court in the nation. Even construing Plaintiff's *pro se* Complaint liberally, this Court cannot determine where any of the parties are domiciled, and Plaintiff has therefore failed to plead diversity jurisdiction.[17]

Federal question jurisdiction exists when an action "aris[es] under the Constitution, laws, or treaties of the United States,"[18] subject to the limitation that "federal question jurisdiction must appear on the face of the plaintiff's well-pleaded complaint."[19] Plaintiff has not sufficiently

---

[12] 28 U.S.C. § 1332(a).

[13] Doc. 1 at 10.

[14] *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

[15] *Cressler v. Neuenschwander*, 930 F. Supp. 1458, 1462 (D. Kan. 1996).

[16] Doc. 1-1 at 3.

[17] Although Plaintiff has provided no information as to where the three named John Does are domiciled, John Does are disregarded when determining diversity of citizenship. *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006).

[18] 28 U.S.C. § 1331.

[19] *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

alleged federal question jurisdiction in his Complaint. Plaintiff asserts two causes of action: "Criminal Battery or Battery with Intent or Attempted Murder"[20] and "'Theft'/Robbery."[21] Such causes of action are traditionally matters of state law not "arising under the Constitution, laws, or treaties of the United States." To establish federal question jurisdiction, a complaint must "identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."[22] Plaintiff broadly asserts that the "exclusively [f]ederal nature" of his claims supports federal question jurisdiction,[23] but he does not identify a single statutory or constitutional provision that serves as the basis for such jurisdiction. Even construing Plaintiff's *pro se* Complaint liberally, this Court cannot find any federal question on which to base jurisdiction. This Court must therefore dismiss Plaintiff's Complaint for lack of federal subject matter jurisdiction.

Finally, the Court notes that while it does not need to reach the issue, Plaintiff's Complaint fails the requirement of Federal Rule of Civil Procedure 8(a)(2) that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[24] Plaintiff's Complaint is filled with rambling and irrational claims, such as that the Jewish people as a whole have employed acoustic attacks against Plaintiff as a means of stealing his property.[25] Such

---

[20] Doc. 1 at 27–30.

[21] Doc. 1 at 30–33.

[22] *Martinez*, 802 F.3d at 1280.

[23] Doc. 1 at 12.

[24] *See, e.g., Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008) (finding that district court did not abuse its discretion in dismissing *pro se* complaint pursuant to Fed. R. Civ. P. 8(a)(2) where the plaintiffs' "factual allegations [were] sufficiently confusing and disjointed so as to render the legal claims incomprehensible"); *Bishop v. Romer*, (noting that the "decision to dismiss an action without prejudice for failure to comply with Rule 8 is within the sound discretion of the district court" and finding dismissal appropriate where complaint consisted of "rambling, disjointed factual allegations, seemingly unrelated conclusory assertions of constitutional violations, and an exhaustive recital of statutes and administrative rules, which shed no light on the exact nature of [the plaintiff's] claims").

[25] Doc. 1 at 30.

allegations make it nearly impossible, even under a liberal construction, to determine whether Plaintiff could be entitled to relief.[26]

**IT IS THEREFORE ORDERED BY THE COURT** that this action is dismissed without prejudice on this Court's own review for lack of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

**IT IS SO ORDERED.**

Dated: October 30, 2017

                                                                       S/ Julie A. Robinson
                                                                       JULIE A. ROBINSON
                                                                       UNITED STATES DISTRICT JUDGE

---

[26] Plaintiff appears to be a frequent *pro se* filer in federal courts across the country. In multiple instances, his claims have been dismissed at the *in forma pauperis* screening stage for failure to state a claim or on the basis of frivolousness. *See, e.g.*, *Rossmann v. Trump*, No. 1:17-cv-661, 2017 WL 4455517, at *3 (S.D. Ohio Oct. 2, 2017) (recommending dismissal with prejudice under 28 U.S.C. § 1915 and describing Plaintiff's allegations as "rambling, difficult to decipher, and border[ing] on the delusional"); *Rossmann v. Scaramucci*, No. 5:16CV149-JRG-CMC, 2016 WL 6775470, at *4 (E.D. Tex. Oct. 14, 2016) (recommending dismissal without prejudice under § 1915 because Plaintiff's claims describe "fantastic or delusional scenarios"); *Rossmann v. Leader*, Civil Action No. 13-1896, 2013 WL 6327823, at *2 n.2 (D.D.C. Dec. 2, 2013) (dismissing Plaintiff's complaint for failure to state a claim and noting that case is also subject to dismissal on basis of frivolousness "because the overwhelming majority of the complaint's factual allegations describe fantastical or delusional scenarios").